# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SUSAN MERRELL, on her own behalf and**
**others similarly situated,**
        **Plaintiff,**

**-vs-**                                            **Case No. 6:06-cv-1899-Orl-22DAB**

**D.C. MOXLEY CONTRACTING, INC.,**
**and DANNY MOXLEY,**
        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

      The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*  A Settlement Fairness Hearing was held on April 10, 2007, with counsel for both parties attending by phone.

Based on the representations of counsel, Plaintiff was employed by Defendants from September 2003 through July 2006 as their secretary, answering the phones, returning calls to Defendants' clients and vendors, filing paperwork, and submitting weekly time reports to Defendants' payroll company.  Doc. No. 12.  Plaintiff contended that Defendants failed to compensate her when she did not take a bona fide meal break and that she was owed for 1.0 to 1.5 hours per week over 130 weeks for unpaid lunch breaks, or a total of $3,461.25 for alleged overtime worked and unpaid wages. *Id.* Defendants disputed her claims, contending that Plaintiff was paid the full amount for the time she worked.  The settlement to Plaintiff of $2,600 in unpaid wages and liquidated damages represents approximately half of the disputed principal amount Plaintiff sought.

The parties have agreed that Defendant will pay Plaintiff's attorneys $2,400 in attorney's fees and costs.  Plaintiff's counsel litigated the case on behalf of Plaintiff from December 2006 to March 2007, accruing roughly 10.35 hours in the process for the work of Keith M. Stern, Esq. and Maguene Dieudonne, Esq., for total fees incurred of $2,388.75 and costs of $400.  The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case; Defendants had no objection to the reasonableness.

Settlement in the amount of $2,400 to Plaintiff for unpaid wages and liquidated damages, and $2,600 for attorney's fees and costs is a fair and reasonable settlement.  It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 11, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy